COMMERCIAL CODE
The UCC filings contained in a county clerk's office are public records. A county clerk or filing officer must follow the statutory frame work for providing UCC information, and may not do so over the telephone. A county clerk or filing officer is bound by statutory mandate, and may not arbitrarily charges fees to out-of-county requestors and not charge in-county requestors. Finally, the use of a UCC-4 form by the requesting party is not a prerequisite to the assessment of the standard fee by the county clerk. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following five (5) questions: 1. Are the UCC-1 filings in a County Clerk's office public records? 2. May a County Clerk provide UCC-1 information over the telephone? 3. If the answer to question 2 above is in the affirmative, what fee, if any, does the County Clerk have the right to charge and are the fees mandatory? 4. May a County Clerk arbitrarily charge fees to out-of-county telephone requests and not charge for in-county telephone requests? 5. May a County Clerk charge for a person asking to review the filings, not by telephone, without the use of a UCC-4 form ? The term "public record" has been defined, for evidentiary purposes, at In Re LaSarge's Estate, 526 P.2d 930 (Okl. 1974) to mean those books and records which a public officer is required to keep, and file in such a manner that they are subject to public inspection. The term has been further defined as a record made by a public officer in pursuance of his duty, immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference, People, ex rel., Stenstrom v. Narnett, 226 N.Y.S. 338, (N.Y. 19__). As the purpose for the filing of such instruments is to effect public notice of assignments, mortgages, liens, etc., and such filings are often necessary to perfect the security interest, it would thwart the purpose of the statute to find such filings not public records. It is to be noted that 12A O.S. 9-403 [12A-9-403](4) (1978) requires that the filing officer hold such statements for public inspection. Your second question asks whether or not information contained in UCC filings may be provided over the telephone. The manner in which information is to be provided is found at 12A O.S. 9-407 [12A-9-407] (1971): ". . . "(2) Upon request of any person, the filing officer shall issue his certificate showing whether there is on file, on the date and hour stated therein, any presently effective financing statement naming a particular debtor and any statement of assignment thereof and, if there is, giving the date and hour of filing of each such statement and the names and addresses of each secured party therein. ". . . "Upon request the filing officer shall furnish a certified copy of any filed financing statement or statement of assignment for a uniform fee. . . ." Emphasis added It is to be noted that when the intent of the Legislature is plainly expressed in a statute, it must be followed without further inquiry, Kasishke's Estate v. Oklahoma Tax Commission, 548 P.2d 848 (Okl. 1975). We are also aware of the maxim "expressio unius est exclusio alterius", or, the mention of one thing in a statute implies exclusion of another. In Re Arbuckle Master Conservancy District., Dist. Ct., Murray County, No. 9660, 474 P.2d 385 (Okl. 1970). The fact that the Legislature has delineated the method whereby information is to be obtained from a filing officer implies that this is the only method contemplated; the filing officer should not provide information in ways other than that delineated by the Legislature. As the answer to your second question is in the negative, it is unnecessary to answer your third question. Your fourth question asks whether or not a county clerk (filing officer) may arbitrarily determine those persons to whom filing fees shall be charged. The Legislature has previously determined this issue, at 28 O.S. 32 [28-32] (1978): "All County Clerks shall charge and collect the following flat fees to be uniform throughout the state regardless of the recording method used, . . . ." Emphasis added The language in this statute appears to be perfectly clear; there can be no case-by-case determination by the filing officer or court clerk as to who shall be charged fees. The intent of the Legislature is plainly expressed in this statute, and should be followed without further inquiry, Kasishke's Estate, supra. Your fifth question asks whether or not a county clerk may charge the mandatory fee when the request for information is not set forth on a UCC-4 "Request for Information or Copies" form. Once again, we turn to the plain reading of 12A O.S. 9-407 [12A-9-407] which indicates that the filing officer shall issue his certificate upon request of any person. No particular method for request is set forth therein. Following previously cited authority, a plain reading of this statute indicates that a person must merely request information, and that it is not necessary to fill out some particular form when requesting information. It is to be noted as a practical matter, however, that the UCC-4 form contains the certificate of the filing officer which is required by 12A O.S. 9-407 [12A-9-407]. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: The UCC filings contained in a county clerk's office are public records. A county clerk or filing officer must follow the statutory framework for providing UCC information, and may not do so over the telephone. A county clerk or filing officer is bound by statutory mandate, and may not arbitrarily charge fees to out-of-county requestors and not charge in-county requestors. Finally, the use of a UCC-4 form by the requesting party is not a prerequisite to the assessment of the standard fee by the county clerk. (H. LEE SCHMIDT) (ksg)